UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELI BENSINGER, Individually and on behalf
of all others similarly situated,

                          Plaintiff,                            **DECISION AND ORDER**

    - v -

                                                          CV-10-1917 (JG)(VVP)

DENBURY RESOURCES INC.,

                          Defendant.
-----------------------------------------------------------x

       The plaintiff has moved to compel the production of various documents asserted by the defendant to be protected by the attorney-client privilege on a privilege log. The plaintiff contends that the documents in dispute do not deserve such protection because they were either authored by or shared with various third parties who were retained by the defendant in connection with the merger transaction that underlies the plaintiff's claims in this action. For the reasons below, the motion is granted in part and denied in part.

       It is of course the burden of the party asserting a privilege to establish its applicability. *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000); *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997). The defendant relies on a line of cases descending from the Supreme Court's decision in *Upjohn Co. v. United States,* 449 U.S. 383 (1981), holding that in the corporate context "the attorney-client privilege protects communications between lawyers and agents of a client where such communications are for the purpose of rendering legal advice." *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001). Indeed, more than 50 years ago, in *United States v. Kovel*, 296 F.2d 918 (2d

Cir. 1961)(Friendly, C.J.), the Second Circuit recognized that communications to a professional such as an accountant made by an attorney's client for the purpose of obtaining legal advice from the attorney could qualify for protection under the attorney-client privilege.

The defendant has provided the court with its engagement agreements with each of the four non-parties identified by the plaintiff who were included in communications for which the defendant claims the privilege. The agreements establish that each of the four were hired to assist in the merger transaction: KPMG LLP was retained to provide certain accounting services related to the valuation of assets and liabilities; J.P. Morgan Securities Inc. was retained to provide advice on financial aspects of the merger; Alvarez & Marsal Taxand, LLC was retained to provide certain analysis related to employee compensation and benefits; and Broadridge Investor Communication Solutions, Inc. was hired to provide services with respect to the process of distributing proxy materials and tabulating proxies. The defendant has thus adequately established that these non-parties enjoyed a relationship with the defendant such that communications in which they were included could qualify for protection, provided that the communications contain confidential information and were made for the purpose of obtaining or providing legal advice. *See In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (citing *United States v. Const. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). In this regard, the court must distinguish between communications relating to legal advice and communications relating to business advice: the former are protected but the latter are not. *See County of Erie*, 473 F.3d at 419.

The plaintiff points out that the engagement agreement between the defendant and Alvarez & Marsal expressly provides that both the defendant and Alvarez & Marsal are independent of each other and that neither is the agent of the other; this, he argues, precludes a finding that they enjoy the necessary relationship with one another to permit the application of the privilege. He buttresses the argument with deposition testimony given by J.D. Ivy, an executive of Alvarez & Marsal involved in some of the communications at issue, in which he disclaims being an agent of the defendant and says he was not provided with confidential information. The argument overlooks that the defendant's engagement agreement with Alvarez & Marsal specifically contemplates that the relationship would involve confidential information that Alvarez & Marsal agreed to protect, and that the question whether any of the communications were confidential does not depend on whether Ivy believed them to be confidential.[1] Moreover, the analysis does not turn on how the parties characterize their relationship with each other, but rather on the actual nature of the relationship. The engagement agreement provides that Alvarez & Marsal was to furnish a specified range of services at the bidding of the defendant, and thus in doing so it would be acting as an agent of the defendant in the same sense that the defendant's employees act as the defendant's agents when they perform the tasks for which they are hired.

Having concluded that the sharing of information with the third parties cited by the plaintiff does not necessarily preclude application of the attorney-client privilege to the

---

[1] The testimony given by Ivy on this point is not at all clear. The questions he was being asked in the portion of the testimony cited by the plaintiff concerned information provided by both the defendant and Encore, the other party to the merger, not information provided solely by the defendant.

communications at issue, the court has conducted an *in camera* review of the documents. The court has concluded that the defendant has improperly asserted the privilege as to the some of the documents itemized on the privilege log because they do not contain any confidential communications; at most they specify subjects of discussion but without disclosing the substance of any discussion. Accordingly, the defendant shall produce the documents bearing the following entry numbers on the privilege log: 28, 35, 38, 39, 111, 116, 175, 186, 187, 227. In all other respects the plaintiff's motion is denied.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 25, 2012