UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELI BENSINGER, CHAIM KATZ, and JACK
DEUTSCH, Individually and on Behalf of All
Others Similarly Situated,

                        Plaintiffs,

         - versus -

DENBURY RESOURCES INC.,

                        Defendant.

MEMORANDUM
AND ORDER
10-cv-1917 (JG) (VVP)

A P P E A R A N C E S:

    WEISLAW LLP
        1500 Broadway, 16th Floor
        New York, NY 10036
    By:    Joseph H. Weiss
            David C. Katz
            Mark D. Smilow
            Joshua M. Rubin
        *Attorneys for Plaintiff*

    BAKER & HOSTETLER LLP
        45 Rockefeller Plaza
        New York, NY 10111
    By:    Mark A. Kornfeld
            Jessie M. Gabriel
            Marco Molina
            Elizabeth M. Schutte
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Eli Bensinger brought this class action against Denbury Resources Inc.

("Denbury") for federal securities law violations arising from Denbury's merger with Encore

Acquisition Company ("Encore"). Denbury moves to dismiss Count II of the Second Amended

Class Action Complaint, which alleges a claim under § 14(a) of the Securities Exchange Act of

1934 on behalf of plaintiffs Chaim Katz and Jack Deutsch. Oral argument was held on July 1, 2014. For the reasons set forth below, the motion is granted.

BACKGROUND

A. *Factual Background*

On October 31, 2009, Denbury and Encore entered into an agreement (the "Merger Agreement") governing the merger of the two companies (the "Merger"). Second Am. Class Action Compl., ECF No. 111, Gabriel Decl. Ex. 1 ("SAC") ¶ 15. The companies filed a Registration Statement and then a Proxy Statement (the "Proxy") with the Securities and Exchange Commission ("SEC") on December 7, 2009, and February 8, 2010, respectively. *Id.* ¶ 25. The Proxy was disseminated to Denbury and Encore shareholders on February 10, 2010. *Id.*. The Merger occurred on March 9, 2010. *Id.* ¶ 29. In this class action, Bensinger alleges that the Registration Statement and Proxy disseminated by Denbury contained material misstatements and omissions. Additional factual background is set forth in the three previous orders I have entered in this case, familiarity with which is assumed here. *See Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2011 WL 3648277 (E.D.N.Y. Aug. 17, 2011) ("*Bensinger I*"); *Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2012 WL 4483811 (E.D.N.Y. Sept. 28, 2012) ("*Bensinger II*"); *Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2013 WL 3353975 (E.D.N.Y July 3, 2013) ("*Bensinger III*").

B. *Procedural History*

On April 28, 2010, Bensinger filed a complaint on behalf of all persons who received Denbury common stock in the Merger, asserting, *inter alia*, violations of § 11 of the Securities Act of 1933, *see* 15 U.S.C. § 77k, and § 14 of the Securities and Exchange Act of 1934, *see* 15 U.S.C. § 78n(a). On August 11, 2011, I denied Denbury's motion to dismiss the

2

complaint, holding that the Proxy contained misrepresentations and that these misrepresentations were not immaterial as a matter of law. *See Bensinger I*, 2011 WL 3648277, at *8. On September 28, 2011, I denied Bensinger's motion for judgment on the pleadings because I could not find the misrepresentations contained in the Proxy were material as a matter of law. *See Bensinger II*, 2012 WL 4483811, at *5. I also held that Bensinger lacked standing to bring a § 14(a) claim because he was unable to vote on the Merger[1] and, accordingly, dismissed that claim. *See id.* at *4.

On May 2, 2013, Bensinger moved to amend the complaint "to reassert a Section 14 claim with a new plaintiff who indisputably has standing . . . ." ECF No. 97, May 2, 2013. Although the new claim fell outside the applicable one-year statute of limitations, I concluded that the claim related back to the date on which the original complaint was filed pursuant to Federal Rule of Civil Procedure 15(c) because Denbury had adequate notice that someone who held Encore stock at the time of the record date for the merger would bring a claim under § 14(a). Thus, I granted Bensinger motion to amend his complaint to add a new plaintiff who had standing to assert a § 14(a) claim. *See Bensinger III*, 2013 WL 3353975, at *4-5; Fed. R. Civ. P. 15(c).

C. *The Present Motion*

Denbury moved to dismiss the newly added § 14(a) claim on September 4, 2013. In support of its motion, Denbury argued that Bensinger has not sufficiently alleged the causation element of the § 14(a) claim, that Katz and Deutsch lack standing to bring the § 14(a) claim, and, lastly, that the § 14(a) claim is time-barred. *See* ECF No. 118, Sept. 4, 2013. Plaintiffs opposed the motion, ECF No. 120, Sept. 24, 2013, and Denbury's reply brief was filed

---

[1] It is undisputed that Bensinger could not vote on the Merger because he acquired his Encore shares after the record date for the merger vote.

3

on October 2, 2013. ECF No. 122, Oct. 2, 2013. Two days later, plaintiffs complained that Denbury's reply brief asserted a new argument – one based on the statute of repose – and sought an order striking that argument, or, in the alternative, permission to file a sur-reply brief addressing it. ECF No. 123, Oct. 4, 2013. Four days after that, before any ruling was made on that application, the Court of Appeals stayed the proceedings in this court pending the outcome of the interlocutory appeal of the class certification order. ECF No. 124, Oct. 8, 2014.

On March 28, 2014, the Second Circuit summarily affirmed the class certification order on the ground that Denbury's arguments were not suitable for interlocutory review. ECF No. 126, April 18, 2014. The mandate issued from the Second Circuit on April 18, 2014, ending the stay of proceedings before me. Plaintiffs thereupon renewed their request to strike defendant's statute of repose argument. ECF No. 128, May 8, 2014. At a brief appearance on July 1, 2014, I expressed my view that plaintiffs' counsel's objection to the statute of repose argument ought to be asserted in opposition to Denbury's motion (as opposed to in a separate motion), and I granted plaintiffs' counsel leave to file a sur-reply brief in opposition to the motion.

## DISCUSSION

As discussed above, Denbury makes multiple arguments in support of its motion to dismiss. Because I agree with its argument based on the statute of repose, I need not address the others. Specifically, Denbury argues that the § 14(a) claim is untimely because it was filed after the applicable three-year statute of repose had run and that neither equitable tolling nor "relating back" under Federal Rule of Civil Procedure 15(c) can save it. *See* Def. Reply Br. 7-9. I agree and dismiss the claim.

Claims under § 14(a) must be brought within one year after the discovery of the facts constituting the cause of action and no later than three years after the cause of action accrued. *See Ceres Partners v. GEL Assocs.*, 918 F.2d 349, 353 (2d Cir. 1990) (applying the one-year/three-year framework from 15 U.S.C. § 78r(c) and 15 U.S.C. § 78i(e) to claims under § 14 because of the substantial overlap between violations under those sections and § 14); *Westinghouse Elec. Corp. v. Franklin*, 993 F.2d 349, 353 (3d Cir. 1993) (holding that § 14(a) claims are governed by the "one-year/three-year statute of limitations" from 15 U.S.C. § 78r and 15 U.S.C. § 78i); *Stoll v. Ardizzone*, No. 07-CV-00608, 2007 WL 2982250, at *2 (S.D.N.Y. Oct. 9, 2007) ("A claim pursuant to § 14(a) must be brought no later than three years after each proxy was issued-regardless of when a plaintiff actually discovers the harm suffered."); *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 198 (S.D.N.Y. 2003) (applying one-year/three-year statute of limitations to § 14 claim); *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (holding that, prior to the enactment of 28 U.S.C. § 1658, claims under § 10(b) of the Securities Exchange Act must be commenced within one year after the discovery of the facts constituting the violation or within three years after the cause of action accrued).

Plaintiffs' § 14(a) claim is based on the misstatements contained in the Proxy, which was filed on February 8, 2010. SAC ¶ 25. The final ratio of Encore to Denbury shares that Encore shareholders who so elected would receive (the "VWAP") was announced to the market no later than March 12, 2010. SAC ¶¶ 30-32. Thus, even assuming the cause of action accrued on March 12, 2010, plaintiffs were required to file any § 14(a) claim by March 12, 2013, at the latest.

Plaintiffs insist that the § 14(a) claim should not be dismissed as untimely because: (1) leave to amend the complaint was sought within the repose period; (2) the claim "relates back" to the filing of the original pleading; (3) the repose period was tolled; and (4) defendants are judicially estopped from asserting that the statute of repose has run. None of these arguments withstands scrutiny.

1. *Plaintiffs' Request for Leave to Amend the Complaint*

On March 30, 2012, Bensinger filed a letter with the Court requesting a pre-motion conference for a proposed motion to amend the complaint to assert a claim of securities fraud under § 10(b) of the Securities Exchange Act of 1934 and to add new parties. ECF No. 66, March 30, 2012. In light of the then-pending motions for class certification and judgment on the pleadings, I denied the application and stated on the docket sheet that "[i]f necessary, plaintiff may raise these issues after decision on the pending motions." Order Denying Mot. for Pre-motion Conf., April 3, 2012. On September 28, 2012, I entered an order granting Bensinger's motion to certify a class, denying the motion for judgment on the pleadings, and dismissing Bensinger's § 14(a) claim for lack of standing. *See Bensinger II*, 2012 WL 4483811. More than seven months later, on May 2, 2013, Bensinger submitted a letter requesting a pre-motion conference for a motion to amend the complaint to "reassert a Section 14 claim with a new plaintiff who indisputably has standing to do so." ECF No. 97, May 2, 2013. The motion to amend the complaint was filed on May 9, 2013, and I granted it on July 3, 2013. *See Bensinger III*, 2013 WL 3353975.

In response to Denbury's argument that the § 14(a) claim was initiated outside of the period permitted by the statute of repose, Bensinger contends that the March 30, 2012, letter

6

submitted to the Court seeking a pre-motion conference to add plaintiffs should be considered the date that the § 14(a) claims were commenced. This argument is unavailing.

Under Second Circuit law, "'[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.'" *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) (quoting *Nw. Nat. Ins. Co. v. Alberts*, 769 F.Supp. 498, 510 (S.D.N.Y. 1991)). This rule has been applied to motions to amend a complaint to add plaintiffs asserting new claims against existing defendants. *See, e.g., Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 523-24 (S.D.N.Y. 2013). If a pre-motion letter requesting leave to move to file an amended complaint includes a proposed amended complaint or otherwise puts the defendants on notice of the claims sought to be asserted, it can serve to commence the action for statute of limitation purposes. *See id.* (submission of pre-motion letter constituted the commencement of new claims for statute of limitations purposes because "[d]efendants were on notice of [the added plaintiff's] claims when Plaintiffs submitted their pre-motion letter and included a draft amended complaint); *Teri v. Spinelli*, 980 F. Supp. 2d 366 (E.D.N.Y. 2013) (plaintiffs' letter-request for leave to amend the complaint commenced the action against the added defendant for statute of limitations purposes because the added defendant "had notice of the claims against him before the statute of limitations period had run").

Applying this principle here, Bensinger's March 30, 2012, letter cannot be considered to have commenced the § 14(a) claim because it did not put Denbury on notice that Bensinger would seek to amend the complaint to add new plaintiffs with standing to assert a § 14(a) claim. The letter does not even mention § 14(a), but rather focuses on the possibility of amending the complaint to assert a claim under § 10(b). Furthermore, plaintiffs were not

prejudiced by my denial of that application for a pre-motion conference. After the entry of my September 2012 memorandum and order granting class certification, denying the motion on the pleadings, and dismissing the § 14(a) claim, Bensinger had almost six months in which to move to add plaintiffs with standing to assert a § 14(a) claim before the three-year statute of repose period expired on March 12, 2013. However, as noted above, the letter-request to move to amend the complaint to add such plaintiffs was not submitted until May 2, 2013, more than seven weeks after the statute of repose had run. Accordingly, I conclude that the § 14(a) claim was commenced, at the earliest, on May 2, 2013, more than three years after the claim accrued.[2]

  2. *Rule 15(c) "Relation Back" Doctrine*

Plaintiffs argue that even if the § 14(a) claim was filed outside of the three-year statute of repose, the claim is not time-barred because it "relates back" to the filing of the original complaint pursuant to Rule 15(c). This argument is also unavailing; for purposes of the statute of limitations, the challenged complaint relates back, but the same is not true for the purposes of the statute of repose.

A plaintiff may add a claim that is otherwise barred by the statute of limitations so long as the claim relates back to the date on which the original complaint was filed (assuming that date was within the limitations period). *See Slayton v. Am. Express Co.*, 460 F.3d 215, 227-28 (2d Cir. 2006). Rule 15(c) provides a very "liberal rule of relation back policy." *See Villante*

---

[2] Bensinger's argument that this Court's Motion and Individual Practices Rule 3(A) alters this conclusion is misplaced. Rule 3(A) specifies that "[Federal] Rule [of Civil Procedure] 12(a) prescribes time requirements for the filing of answers and for the filing of motions permitted under Rule 12. For the purposes of these timing requirements, a pre-motion conference letter requesting permission to file a motion permitted by the Rule shall be considered the equivalent of the motion itself." Judge John Gleeson Motion & Individual Practices, Rule 3(A). First of all, as discussed above, it is clear that Bensinger's March 2012 pre-motion letter was not seeking leave to amend the complaint to add plaintiffs to assert a § 14(a) claim and thus would not be considered the equivalent of that motion to amend under any circumstances. Second, by its terms Rule 3(A) only applies to the filing of answers and the filing of motions under Rule 12. *Id.* The March 2012 letter sought a pre-motion conference for a proposed motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15. As such, Rule 3(A) of the Court's Motion and Individual Practices Rules has no bearing on the timeliness of Bensinger's § 14(a) claim.

8

*v. Dep't of Corr. of City of N.Y.*, 786 F.2d 516, 520 (2d Cir. 1986). As I noted in *Bensinger III*, Rule 15(c) has been consistently interpreted by courts in this Circuit to allow relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims and would not suffer undue prejudice. *Bensinger III*, 2013 WL 3353975, at *4; *see also Perkins v. S. New England Tel. Co.*, 2009 WL 3754097, at *5 (D. Conn. Nov. 4, 2009); *In re Gilat Satellite Networks, Ltd.*, No. 02-CV-1510, 2005 WL 2277476, at *25 (E.D.N.Y. Sept. 19, 2005).

In *Bensinger III*, I concluded that Bensinger's proposed amended complaint that added plaintiffs with standing to assert a § 14(a) claim related back to the date of the original filing and thus was not barred by the applicable one-year statute of limitations. *See Bensinger III*, 2013 WL 3353975, at *5. Plaintiffs assert that the same reasoning applies to the three-year statute of repose, and that the § 14(a) claim can similarly relate back to the date the original complaint was filed. However, the Second Circuit recently held that the relation back doctrine cannot save a claim that is brought outside the period specified in a statute of repose. *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 110 (2d Cir. 2013) (when a claim is commenced after the statute of repose has run, "the Rule 15(c) 'relation back' doctrine does not permit members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction"), *cert. granted*, 134 S. Ct. 1515 (U.S. 2014). Indeed, in a case in a very similar posture to this action, the court held that if a district court dismisses certain claims asserted by the lead plaintiff in a class action for lack of jurisdiction, once the statute of repose has run on those claims "neither Rule 24 nor the Rule 15(c) 'relation back' doctrine permits members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of

9

jurisdiction." *Id.* at 111-12. Accordingly, plaintiffs' § 14(a) claim cannot be considered timely by "relating back" to the original date the complaint was filed.

       3. *Equitable Tolling and Estoppel*

Plaintiffs next argue that their § 14(a) claim is timely because the statute of repose was tolled pursuant to *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974), or, in the alternative, was tolled due to the seven-month stay entered by Judge Trager in 2010. These arguments also fail.

In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe*, 414 U.S. at 554. Plaintiffs argue that this principle serves to toll the statute of repose here and thus renders their § 14(a) claim timely. This argument, however, was also rejected in *IndyMac*, where the Second Circuit held that "[t]he tolling rule set forth by the Supreme Court in *American Pipe* . . . does not apply to the three-year statute of repose in Section 13 of the Securities Act of 1933." *Id.* at 112.

Plaintiffs' further contend that the seven-month stay of the case entered by Judge Trager in 2010, at Denbury's request, should serve to equitably toll the statute of repose. This argument fails because Supreme Court precedent makes clear that statutes of repose are not subject to equitable tolling. In *Lampf Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, this principle was applied in the context of the one-year/three-year framework of 15 U.S.C. §§ 78r(c) and 78i(e) at issue here. *See* 501 U.S. 350, 363 (1991). The Court explained that

> it is evident that the equitable tolling doctrine is fundamentally inconsistent with the 1-and-3-year structure. The 1-year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3-year limit is a period of repose inconsistent with tolling. . . [T]he inclusion of the three-

year period can have no significance in this context other than to impose an outside limit. . . . Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.

*Id.* The Court recently reaffirmed that equitable tolling is inapplicable to statutes of repose in *CTS Corp. v. Waldburger*, stating that

[s]tatutes of limitations, but not statutes of repose, are subject to equitable tolling, a doctrine that "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014). Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control.

No. 13-339, 2014 WL 2560466, at *6 (U.S. June 9, 2014); *see also Am. Fed'n of Teachers, AFL-CIO v. Bullock*, 605 F. Supp. 2d 251, 258 (D.D.C. 2009) ("A statute of repose, however, serves as an absolute barrier to an untimely suit and cannot be equitably tolled under any circumstances.").

Accordingly, neither *American Pipe* nor equitable tolling principles can serve to toll the three-year statute of repose and render plaintiffs' § 14(a) claim timely.

Finally, plaintiffs argue that Denbury is judicially estopped from asserting the expiration of the statute of repose as a ground for dismissing the § 14(a) claim because it represented that plaintiffs would not be prejudiced by the stay entered by Judge Trager. This argument fails because, like the equitable tolling doctrines discussed above, neither judicial nor equitable estoppel is applicable to a statute of repose.[3] *See, e.g., Anixter v. Home-Stake Prod. Co.*, 939 F.2d 1420, 1436 (10th Cir. 1991) ("We therefore conclude that the doctrine of equitable estoppel is not available to avoid the statute of repose established by Section 13."), *amended on denial of reh'g*, 947 F.2d 897 (10th Cir. 1991) *and judgment vacated on other grounds by*

---

[3] Although judicial estoppel is different from equitable estoppel in ways that are not relevant here, *see Bates v. Long Island R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993), both doctrines are equitable in nature and thus are equally unable to prevent the application of the statute of repose under the case law cited above.

*Dennler v. Trippet*, 503 U.S. 978 (1992); *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1391 (7th Cir. 1990) (equitable estoppel cannot bar the invocation of the statute of repose for § 10(b) claims); *Del Sontro v. Cendant Corp., Inc.*, 223 F. Supp. 2d 563, 572 (D.N.J. 2002) ("This Court finds that Plaintiff's federal securities law claims are untimely and cannot be salvaged by equitable tolling or equitable estoppel."); *Gleusner v. Perlmutter*, No. 96-CV-2970, 1996 WL 1057146, at *2 (E.D.N.Y. Nov. 22, 1996) (same); *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 778 F. Supp. 695, 699 (S.D.N.Y. 1991) (same).

## CONCLUSION

For the reasons stated above, I conclude that Count II of the Second Amended Class Action Complaint was filed outside the applicable three-year statute of repose. Accordingly, Denbury's motion to dismiss Count II as untimely is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 14, 2014
      Brooklyn, New York