UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI BENSINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DENBURY RESOURCES INC.,<br><br>Defendant. | )<br>)<br>)<br>) CASE NO. 10-cv-1917 (JG) (VVP)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PRELIMINARY APPROVAL ORDER**

**WHEREAS**, the Court entered an Order on September 28, 2012 certifying a class of former shareholders of Encore Acquisition Corp. ("Encore") who exchanged their Encore shares for Denbury Resources, Inc. ("Denbury" or "Defendant") shares pursuant to the merger of Encore with and into Denbury, and were pursuing claims under Section 11 of the Securities Act of 1933 (the "Class"); appointing Plaintiff Eli Bensinger as the Class Representative ("Plaintiff"); and appointing his counsel, WeissLaw LLP, as Class Counsel;

**WHEREAS**, Plaintiff, on behalf of himself and the Class, and Defendant have entered into the Stipulation of Settlement dated April 7, 2015 ("Stipulation"), providing for the settlement of the Action[1] and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

**WHEREAS**, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action in accordance

---

[1] All capitalized terms used herein shall have the same meaning as they have in the Stipulation.

with the Stipulation, which, together with the documents referenced therein, sets forth the terms and conditions for the proposed Settlement and dismissal of the claims alleged in the Action against Defendant with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having considered the Stipulation and the accompanying documents, and all other pleadings herein; and the Parties to the Stipulation having consented to entry of this Order; and

**WHEREAS**, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. **Preliminary Approval of the Settlement**. The Court hereby preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, and adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing**. The Court will hold a settlement hearing (the "Settlement Hearing") approximately seventy-five days from the entry of this order on _____, 2015 at ____ a.m. at the United States Courthouse, 225 Cadman Plaza East, Courtroom 6C, Brooklyn, New York, for the following purposes: (a) determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Class; (b) determine whether the Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action and the Released Claims as to the Released Persons with prejudice as against Plaintiff and the Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims; (c) to determine whether the proposed Plan of

Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; (d) to determine whether Class Counsel's Fee and Expense Application should be approved; (e) to determine whether Plaintiff's Time and Expense Application should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraphs 6 and 7 of this Order.

3. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the affected Parties may agree to, if appropriate, without further notice to the Class.

4. **Approval of Form and Content of Notice**. The Court: (a) approves, as to form and content, the Notice of Pendency of Class Action, Proposed Settlement, Settlement Fairness Hearing, and Motion For an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Summary Notice, attached hereto as Exhibits A-1, and A-2, respectively; and (b) finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in Paragraph 6 of this Order, (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other

applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published.

5. **Selection of Settlement Administrator.** Class Counsel is hereby authorized to retain a settlement administrator (the "Settlement Administrator") in connection with the Settlement to supervise and administer the notice and claims procedures. The Parties and their counsel shall not be liable for any act or omission of the Settlement Administrator.

6. **Manner of Notice.** Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

    a. Denbury shall use reasonable efforts to cause or arrange for Denbury's transfer agent to provide to the Settlement Administrator, no later than five (5) Business Days after entry of the Preliminary Approval Order, records concerning the identity of potential Class Members and their transactions (consisting of shareholder names, addresses, and amount of Denbury shares received in the Merger), in electronic form.

    b. Class Counsel shall cause the Individual Notice, substantially in the form annexed hereto as Exhibit A-1 to be mailed, by first class mail, postage prepaid, on or before sixty (60) days from the date upon which the Court sets a date and time for the Fairness Hearing, to all Class Members at the address of each such person as set forth in the records of Denbury or its transfer agent, or who otherwise can be identified through reasonable effort. (the "Notice Date");

    c. On or before fifty (50) days from the date upon which the Court sets a date and time for the Fairness Hearing, Class Counsel shall publish the Summary Notice on its website and in the nationally circulated edition of *Investor's Business Daily*. A copy of the Summary Notice, substantially in the form as set out in Exhibit A-2, shall be submitted to the

Court for approval at the time the Settling Parties submit this Stipulation to the Court for Preliminary Approval.

    d. Class Counsel shall, at least thirty (30) days before the Fairness Hearing, file with the Court proof of mailing of the Individual Notice.

   7. **Broker and Nominee Procedures**. Brokers and other nominees who received Denbury shares in the Merger for the beneficial interest of a Class Member must either, within ten (10) days after receipt of the Individual Notice, either (1) forward copies of the Individual Notice to all such beneficial owners; or (2) provide the names and addresses of all such beneficial owners to the Settlement Administrator at *Denbury Securities Litigation*, c/o/ RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479.  Nominees are also required to provide an affidavit certifying that they will distribute the settlement proceeds on a pro rata basis, in accord with the Plan of Allocation specified herein, to those beneficial owners and members of the Class.  If this is not possible, the nominee is required to provide to the Settlement Administrator the number of Denbury shares received in the Merger for each beneficial owner member of the Class as defined above.  Upon full compliance with this Order, such brokers or nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Gross Settlement Fund in accordance with the provisions of the Stipulation.

   8. **Participation in the Settlement**. All Class Members that have been identified after reasonable effort shall participate in the Settlement and will receive money equivalent to their pro rata share of the Net Settlement Fund.  Class Members' pro rata share will be calculated

5

by dividing the number of Denbury shares each Class Member received pursuant to the Merger by the total amount of Denbury shares issued pursuant to the Merger.

9. **Exclusion from the Class**. Any Class Member who wishes to be excluded from the Class shall mail the request in written form, by first-class mail and postmarked no later than 21 calendar days before the scheduled date of the Settlement Hearing discussed in Paragraph 2, to the addresses specified in the Notice. The request for exclusion must be signed by such person or his, her, or its authorized representative and shall include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of Denbury shares the Person received pursuant to the Merger; and (c) a statement that the Person wishes to be excluded from the Class. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Any Class Member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Released Claims against the Released Parties.

10. Any Person that timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

11. **Appearance and Objections**. Any Class Member who does not request exclusion may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

6

12.     Attendance at the Settlement Hearing is not mandatory. Notwithstanding, any Class Member who does not timely and properly exclude him, her, or itself from the Class may appear and show cause at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement and the Final Approval Order and Judgment entered thereon, the Plan of Allocation, the Fee and Expense Application submitted by Class Counsel, and Plaintiff's Time and Expense Application. However, no Class Member shall be heard in opposition to the Settlement and the Final Approval Order and Judgment entered thereon, the Plan of Allocation, Class Counsel's Fee and Expense Application, and Plaintiff's Time and Expense Application, and no paper or brief submitted by any such Person in opposition to any of the above shall be received or considered by the Court unless on or before 21 calendar days before the scheduled date of the Settlement Hearing in Paragraph 2, that Person files with the Court a written statement of objection and serves copies of any papers or briefs to be presented to the Court in support of the objection to:

| **Clerk's Office** | **Defendants' Counsel** | **Class Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of New York<br>United States Courthouse<br>225 Cadman Plaza East<br>Brooklyn, NY 11201<br>Re: *Bensinger vs. Denbury Resources Inc.*<br>Case No. 10 Civ.1917 (JG) (VVP) | Mark A. Kornfeld, Esq.<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111 | David C. Katz, Esq.<br>WEISSLAW LLP<br>1500 Broadway<br>16th Floor<br>New York, NY  10036 |

13.     Such an objection must also include the name, address, and telephone number of the Person objecting, as well as a proof of receipt of Denbury shares issued pursuant to the Merger. Any member of the Class who fails to object in the manner prescribed above shall be deemed to have waived, and shall forever be foreclosed from raising any objections to the fairness, reasonableness, or adequacy of the Settlement.

7

14. The Parties may take discovery of Persons who submit objections, including deposition and document discovery, on issues related to the objection. Failure by an objector to make himself, herself, or itself reasonably available for a deposition or to comply with discovery requests may result in the Court striking the objection and/or otherwise denying that Person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's separate counsel should the Court determine that the objection is frivolous or made for an improper purpose. The Court may, in its discretion, order any objector who subsequently files a notice of appeal to post an appropriate appellate bond.

15. **Stay**. All proceedings relating to the Class in the Action, except as set forth in the Stipulation, are stayed until further order of this Court. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, Plaintiff and members of the Class, either directly, representatively, or in any other capacity, shall not institute, commence, or prosecute any other proceedings, other than those incident to the Settlement itself, against Defendant and any of the Released Parties in any action or proceeding in any court or tribunal.

16. **Settlement Administration Fees and Expenses**. All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation without further order of the Court.

17. **Settlement Funds**. All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed in accordance with the provisions of this Stipulation and orders of the Court or returned to the Defendant as described below in the Stipulation.

18. **Taxes**. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Termination**. If the Settlement is terminated, is not approved by this Court, or the Effective Date does not occur, then this Order shall become null and void and shall be without prejudice to the rights of Plaintiff, Class Members, and Defendant, all of whom shall be restored to their respective positions with respect to the Action, as provided for in the Stipulation, including the return of the Gross Settlement Fund to the Defendant (except for those amounts expended on Notice and Administration costs).

20. **Use of this Order**. Neither the Stipulation nor the Settlement set forth therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is, or shall be deemed to be, and admission of the Defendant or shall be used as an admission against the Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of the Defendant or Released Party; (ii) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of the Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (iii) shall be offered or received in evidence against the Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto,

9

and/or the Final Approval Order, except that the Stipulation may be filed in the Action or in any subsequent action brought against the Defendant, its insurers, and/or any of the Released Parties in order to support a defense or counterclaim of the Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (iv) shall be construed against the Defendant, Released Parties, Plaintiff, and members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (v) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiff and members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Gross Settlement Fund.

21. **Supporting Papers**. Class Counsel's opening briefing in support of approval of the Settlement, the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiff's Time and Expense Application shall be served and filed no later than 30 days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than 7 calendar days prior to the Settlement Hearing.

22. The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

Dated: _____, 2015   _____
                                                                        HONORABLE JOHN GLEESON
                                                                        UNITED STATES DISTRICT JUDGE